UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Civil Action No.: 16-6393
EBONY HUGUET-SMITH,

                      **Plaintiff(s),**

                      **COMPLAINT**

    -against-

THE CITY OF NEW YORK, POLICE OFFICER   JURY TRIAL DEMANDED
THOMAS WALSH, TAX REG #: 951416, in her
individual and official capacity and POLICE OFFICERS  ECF CASE
"JOHN DOES" 1-10, in their individual and official
capacity,

                      **Defendant(s).**
-----------------------------------------------------------------X

Plaintiff, **EBONY HUGUET-SMITH,** by and through her attorneys, RENFROE DRISCOLL & FOSTER, LLP, as and for her Complaint, against the Defendants, respectfully states and alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is a civil action for monetary relief, including past economic loss, compensatory damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983, 1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while in the custody of the New York City Police Department was assaulted, battered, and subject to the use of excessive force by the individually named defendants. Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully used excessive force against Plaintiff, and assaulted and battered Plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1334 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

4. That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

## VENUE

5. Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. During all times relevant to this Complaint, Plaintiff, EBONY HUGUET-SMITH, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

7. The Defendant, THE CITY OF NEW YORK (hereinafter "CITY"), is a duly constituted municipal corporation of the State of New York and is and was the employer of Defendants,

POLICE OFFICER THOMAS WALSH (hereinafter "WALSH") and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

8. Upon information and belief, during all times relevant to this Complaint, Defendant, WALSH, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of and CITY, and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual and official capacity.

9. That JOHN DOES 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by CITY under direction of Defendant CITY, and were acting in furtherance of the scope of their employment, acting under color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY.

10. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

11. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

12. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiffs to harm and denial of basic rights.

## FACTUAL ALLEGATIONS

13. On or about August 19, 2015, at approximately 2:10 p.m., at the New York City Transit Authority's Sutphin Boulevard – Archer Avenue – JFK Airport train station, located in the County of Queens, State of New York, and more specifically, at or near the top landing of the stair case that leads to the E Train, and near the Archer Avenue-153rd Street exit, Plaintiff, EBONY HUGUET-SMITH (hereinafter "Plaintiff" or "SMITH") encountered a young man, with whom she was acquainted, who was purportedly stopped by WALSH and P.O. JOHN DOE.

14. Plaintiff notified the young man of her presence and intended to wait for when the police were finished speaking with him. WALSH immediately yelled at Plaintiff, whom was 20 feet away from the purported stop, to back away. Plaintiff moved to the exit of the station and quietly observed.

15. WALSH again yelled at Plaintiff, stating that if Plaintiff would not exit the station, she would "take her out."

16. Plaintiff did not exit the station, prompting WALSH to threaten to arrest Plaintiff if she did not exit immediately.

17. When Plaintiff did not exit the station, WALSH ran towards Plaintiff, grabbed Plaintiff by the elbows, and attempted to handcuff Plaintiff while applying enough pressure to Plaintiff's

wrists and hands causing extreme pain to Plaintiff and causing Plaintiffs hands to eventually become numb.

18. WALSH applied handcuffs to Plaintiff tight enough that Plaintiff could feel that the blood circulation to her hands was impeded.

19. Still handcuffed, Plaintiff was taken to the transit police station via police van where she was processed. When Plaintiff first arrived at the police station, she made it known that her hands were in serious pain from the handcuffs and that her skin was broken by the handcuffs. Plaintiff made multiple pleas to the officers to loosen the handcuffs. However, Plaintiff's pleas were ignored by the officers.

20. Plaintiff was placed in a holding cell for approximately three or four (3 or 4) hours waiting for transportation to Queens County Central Booking. Plaintiff was handcuffed again when transportation arrived and was then handcuffed to a bench once she arrived at Central Booking.

21. Plaintiff was moved between three (3) different cells over the course of approximately eight (8) hours.

22. On or about August 24, 2015, Plaintiff went to the emergency department of Mount Sinai St. Luke's Hospital for X-rays of and treatment for her hand.

23. X-rays revealed that Plaintiff received a spiral fracture in both the proximal shaft of the third metacarpal and the proximal shaft of the fourth metacarpal of the left hand; two (2) fractures in total. A cast was applied to Plaintiff's left hand and wrist.

24. Upon discharge from the hospital, Plaintiff's doctor signed a statement stating that Plaintiff wan not to return to work until August 26, 2015.

25. The force used to arrest Plaintiff was unreasonable and Plaintiff was forced to endure the unreasonably tight handcuffs for an extended period of time.

26. The manner in which Plaintiff was handcuffed and the force used by Defendants to arrest Plaintiff was unconstitutional and tortuous, because the force used caused Plaintiff to sustain fractures to her left hand and because the hand cuffs were unreasonably tight and Plaintiff reported pressure, pain and discomfort to the officers; however, the officers herein chose to ignore her pleas.

27. At her arraignment on August 19, 2015, Plaintiff plead guilty to disorderly conduct; which is a non-criminal disposition.

28. Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10 all assisted each other and conspired with each other to commit tortuous acts against Plaintiff and to violate Plaintiff's constitutional rights.

29. Upon information and belief, the defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, conspired to deprive plaintiff of her constitutional rights; specifically by grabbing and contorting plaintiff's hands and wrists in such a manner that Plaintiff was cause to sustain fracture to the left hand and caused to endure extreme pain and by placing the handcuffs on Plaintiff in an unreasonably tight manner; thereby, causing Plaintiff to experience extreme pain and discomfort. And then ignoring Plaintiff's complaint of pain and pleas to loosen the cuffs. In this regard, Plaintiff was subjected to the use of excessive force.

30. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident

31. Upon information and belief, prior to August 19, 2015, Defendant, CITY, was aware of and tolerated its police officers using excessive force against arrestees.

32. Defendant, CITY, permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the defendant officers. As a result of such failure on behalf of CITY, Defendant, Police Officers, were caused to and encouraged to believe that individuals could be subjected to the use of excessive force – *to wit*, being handcuffed in an unreasonably tight manner and being forced to endure extreme pain and suffering for an unreasonably long period of time, despite complaints of pain to the Police Officers by said individuals and using unreasonable force to make arrests against persons.

33. Those defendant officers who did not touch plaintiff failed to protect her from the assaults, batteries, and excessive force used against Plaintiff by the individually named defendants.

34. The assaults, batteries, and excessive force used against Plaintiff by the individually named defendants caused plaintiff to sustain physical, psychological and emotional trauma.

35. Plaintiff also sustained economic loss as a result of the assaults, batteries, and excessive force used against her by the individually named defendants.

36. Plaintiff continues to suffer physical, psychological, emotional trauma and economic loss as a result of the assaults, batteries, and excessive force used against her by the individually named defendants.

37. A notice of claim was timely served on the CITY and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

38. An examination of Plaintiff, pursuant to GML Section 50-h was conducted on February 17, 2016.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as though set forth herein.

40. The use of excessive force by the individually named defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, using unreasonable force during the arrest of Plaintiff, which caused fracture to Plaintiff's left hand and in handcuffing Plaintiff in an unreasonably tight manner, thereby, causing Plaintiff to experiencing extreme pain and discomfort, and then ignoring Plaintiff's repeated pleas for Defendants to loosen the handcuffs was objectively unreasonable physical seizures of plaintiff in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

42. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the Unites States constitution this Court has jurisdiction to hear the federally based claim.

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 – Municipal Liability

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 47 of this Complaint with the same force and effect as though set forth herein.

44. Prior to August 19, 2015, and since, Defendant, CITY, has permitted and tolerated a pattern and practice of excessive use of force by police officers against arrestees. Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint. As a result, Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, were caused and encouraged to believe that individuals could be subjected to the use of excessive force, and that such behavior would, in fact, be permitted by CITY.

45. In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of the use of excessive force by their agents/employees.

46. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

47. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the use of excessive force and other wrongful actions by police officers.

48. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

  a. Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

  b. Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

  c. Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

  d. Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

  e. Create and manufactured false testimony and evidence;

  f. Overlooking false and misleading statements made by Police Personnel.

49. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

50. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of Defendant, CITY, Plaintiff was unjustifiably mistreated and subjected to the use of excessive force by the police, in violation of her civil and constitutional rights. Moreover, she has suffered and will continue to suffer from psychological harm, humiliation, fear, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which she incurred. All of these rights are secured to Plaintiff by the

provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

51. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. § 1985 – Conspiracy

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 56 of this Complaint with the same force and effect as though set forth herein.

53. Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, expressly and impliedly, agreed with each other to use excessive force against Plaintiff. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights.

54. That the use excessive force against Plaintiff and violation of the laws of the State of New York and plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

55. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1986 – Failure to Intervene

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as though set forth herein.

57. Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the use of excessive force against Plaintiff violated the Plaintiff's rights, guaranteed to her under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. §§ 1983, 1985 and 1986.

58. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the use of excessive force against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur. All without consideration of plaintiff's rights and in violation of Plaintiff's rights.

59. Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

60. Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the use of excessive force against Plaintiff were violative of her Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

61. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million

($1,000,000.00) dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Assault

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 66 of this Complaint with the same force and effect as though set forth herein.

63. The individually named Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such acts caused apprehension of such contact in the plaintiff.

64. The individually named Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by Defendant, CITY, which is therefore responsible for their conduct.

65. Defendant, CITY, as the employer of Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, are responsible for their wrongdoing under the doctrine of respondent superior.

66. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

67. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Battery

68. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force as if more fully set forth at length herein.

69. The individually named Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff, when they, in a hostile and/or offensive manner grabbed and contorted the plaintiff's hands causing a fracture to the plaintiff's left hand and also handcuffed Plaintiff in an unreasonably tight manner, thereby, causing Plaintiff to experiencing extreme pain and discomfort, and then ignored Plaintiff's repeated pleas for Defendants to loosen the handcuff.

70. This was done without Plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

71. The individually named Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, were at all times agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

72. The CITY, as the employer of defendants is responsible for their wrongdoing under the doctrine of respondent superior.

73. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

74. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

75. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 79 with the same force as if more fully set forth at length herein.

76. The CITY and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named Defendants, P.O. WALSH and POLICE OFFICER JOHN DOES 1-10, who were unfit for the performance of their duties on August 19, 2015, at the aforementioned locations.

77. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

78. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A EIGHT CAUSE OF ACTION

### Negligence

79. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force as if more fully set forth at length herein.

80. Defendants owed a duty of care to plaintiff.

81. Defendants breached that duty of care by assaulting, battering, and using excessive force against plaintiff.

82. As a direct and proximate cause of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

83. All the foregoing occurred without any fault or provocation by plaintiff.

84. The CITY, as the employer of the defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

85. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

86. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

### Negligent Infliction of emotional Distress

87. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 91 with the same force as if more fully set forth at length herein.

88. By the actions described herein, the individually named Defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff by laws and Constitution of State of New York.

89. As a result of the foregoing, plaintiff sustained great emotional injuries.

90. The CITY, as the employers of the Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

91. That by reason of the foregoing, Plaintiff has been exposed to injury to her person, disgrace, humiliation and embarrassment and has been damaged in the sum of One Million ($1,000,000.00) dollars, including the cost of this action, and punitive damages.

92. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

93. Plaintiff hereby demands trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff, EBONY HUGUET-SMITH, shall recover compensatory damage in the sum of One Million Dollars ($1,000,000.00) against the individual defendants and The City of New York, Jointly and severally, together with interest and costs; and punitive damages in the sum of One Million Dollars ($1,000,000.00) against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
November 16, 2016

                              Respectfully submitted,

                              **RENFROE DRISCOLL & FOSTER, LLP**

                              By: _/s/ Patrick K. Foster_
                              **Patrick K. Foster, Esq.**
                              *Attorneys for Plaintiff*

118-35 Queens Blvd., Suite 940<br>
Forest Hills, New York 11375<br>
Tel. No.: (718) 261-5100<br>
Fax No.: (718) 304-1168